IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ASA IRONWOLF ODINSSON, | Case No. 3:25-cv-1387-AR |
| Plaintiff, | ORDER |
| v. | |
| OREGON DEPT OF CORRECTION; MIKE REESE; JOSHUA HIGHBERGER; JEREMY WAGNER; ERIN REYES; JAMIE MILLER; DONALD GOLDEN; CRYSTAL CORTAZAR; JENNIFER LAUGSTON; STEPHEN TROTT; JEFFREY STEPHENSON; ANTHONY ASAY; LEE LEGORE; CURY CLAUSE; PAUL MUNOZ; LEE MENDENHALL; ANDY GRANT; ANTON LUANOUR; BRITTNEY HARGRAVES; and JOHN DOES 1-10, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff filed this lawsuit in August 2025, asserting many claims (ECF 2), and the case was assigned to United States Magistrate Judge Jeffrey Armistead. ECF 3. Plaintiff's claims mostly relate to allegations that Oregon state prison officials retaliated against Plaintiff for practicing his religion and complaining about those officials. ECF 2 at pp. 70-90. Included in his

PAGE 1 – ORDER

Complaint was a request for emergency injunctive relief to prevent him from being moved to a different prison facility. *Id.* at p. 91. On January 8, 2026, Plaintiff moved for entry of default after Defendants failed to file an Answer to Plaintiff's Complaint. ECF 18. Defendants did not respond to Plaintiff's motion. On March 18, Plaintiff filed another Motion for Entry of Default, as well as a Motion for Default Judgment. ECF 20; ECF 21. Again, Defendants did not respond. On March 20, Judge Armistead entered an Order of Default. ECF 23. Later that same day, Defendants filed a Motion to Set Aside Order on Motion for Default, asking Judge Armistead to set aside his entry of default for good cause. ECF 24. Judge Armistead granted Defendants' motion and set aside his previous Order of Default. ECF 26. Plaintiff has since objected to Judge Armistead's order setting aside his previous Order of Default. ECF 30. On July 28, 2026, Judge Armistead referred Plaintiff's objection to this Court. ECF 39.

## STANDARDS

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R.

PAGE 2 – ORDER

Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (same).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997) (quotation marks omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned up); *see also Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021) (same); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013) (same).

## DISCUSSION

Here, Plaintiff's objection is to a legal conclusion: Judge Armistead's decision to set aside an Order of Default. Plaintiff argues that Defendants did not show good cause to set aside default, as required under Fed. R. Civ. P. 55(c). In the Ninth Circuit, "rules for determining when a default should be set aside are solicitous towards movants." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010). This is because "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). On a motion to set aside default for good cause, a court must consider (1) whether the movant

PAGE 3 – ORDER

engaged in culpable conduct that led to default, (2) whether it had a meritorious defense, or (3) whether setting aside default would unfairly prejudice the opposing party. *Mesle*, 615 F.3d at 1091 (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). The Court finds that these factors support finding good cause to set aside default.

### A. Culpable Conduct

Defendants' conduct is culpable "if [they have] received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Here, Defendants' failure to answer was not intentional. As they explained in their motion, the attorney assigned to represent Defendants retired shortly after Plaintiff filed for default on January 8. ECF 24 at 2. The deadline for responses to Plaintiff's Motion for Default fell during the transition from Defendants' former attorney to their new one, and Defendants' new attorneys were not made aware of the impending deadlines. *Id*. Plaintiff's failure to confer with Defendants on his January and March Motions for Default, ECF 18 and ECF 20, compounded this oversight. As a result, Defendants inadvertently failed to file a response. ECF 24 at 2. That conduct may be regrettable, but it is not intentional.

### B. Meritorious Defense

"'A defendant seeking to vacate a default [entry] must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy.'" *Mesle*, 615 F.3d at 1094 (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001)). Although Plaintiff asserts a broad range of claims in his Complaint, many of them are or are related to claims of retaliation against him for practicing his religion and filing complaints against prison officials. *See generally* ECF 2 at 70-90. In their Motion to Set Aside the Order of Default, Defendants make no argument as to the merits of the

PAGE 4 – ORDER

case and do not present any facts constituting a defense. They previously have, however, touched on Plaintiff's core claims in their response to Plaintiff's earlier request for a preliminary injunction to prevent his transfer to a different prison facility outside the state of Oregon, ECF 15. Defendants argue that Plaintiff has not shown that Defendants harbor any retaliatory animus against him, much less a causal connection between such animus and their decisions regarding his transfer. ECF 15 at 6-7. Further, they point out a fact that might be important to their defense against Plaintiff's retaliation claims: that Plaintiff's transfer was based on his disobeying prison rules by modifying a Nintendo gaming device to connect it to the internet. *Id.* at 7. At this stage of the proceedings, Defendants' bar is low, and they have cleared it.

## C.  Unfair Prejudice

In his objection, Plaintiff does not articulate what unfair prejudice he faces due to Judge Armistead's decision to set aside his Order on Motion for Default. Plaintiff does, however, discuss the challenges that incarcerated, *pro se* parties face in litigation. *See* ECF 30 at 4. From this discussion, the Court infers that Plaintiff believes that he will be prejudiced by having to litigate a case that previously appeared to be ending in his favor. "Generally, a plaintiff will not be prejudiced by the setting aside of an entry of default because a party is not prejudiced by having to litigate a case on the merits." *Fathers & Daughters Nev., LLC v. Beckmann*, 2017 WL 5180951, at *3 (D. Or. Nov. 7, 2017). Similarly, Plaintiff in the instant case will not be unfairly prejudiced simply because the case moves forward and he is required to litigate the merits of his claims.

## CONCLUSION

The Court OVERRULES Plaintiff's objections, ECF 30, and AFFIRMS Judge Armistead's nondispositive Order, ECF 26, granting Defendants' Motion to Set Aside Order on

Motion for Default, setting aside his previous Order of Default, and denying as moot Plaintiff's Motion for Default Judgment.

**IT IS SO ORDERED.**

DATED this 5th day of August, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – ORDER